**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALAN CUMMINGS, | |
| Plaintiff, | |
| v. | No. 25-cv-06323 |
| MARRIOTT INTERNATIONAL, INC., | Judge John F. Kness |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alan Cummings filed this action in the Circuit Court of Cook County, and Defendant, Marriott International, Inc., removed the case to federal court on diversity grounds. Defendant moves for dismissal based on this Court's purported lack of personal jurisdiction over Defendant. (Dkt. 11.) For the reasons that follow, the Court agrees that, because Plaintiff has not shown that Defendant purposefully availed itself of Illinois as a forum state, personal jurisdiction is lacking. Defendant's motion to dismiss is therefore granted, and the complaint is dismissed without prejudice.

## I.    BACKGROUND

As Plaintiff alleges, this case arises from an incident at the Rayong Marriott Resort & Spa in Rayong, Thailand (the "Rayong Resort"), where the Plaintiff, Alan Cummings, allegedly slipped and fell into a water feature in the resort's lobby. (Dkt. 17-2 at 1–2.) Plaintiff is employed by Ingredion Thailand but lives in Oakbrook,

Illinois. (Dkt. 17-2 at 1.) Plaintiff was planning to travel to Thailand on business, so Plaintiff's employer booked accommodations at the Rayong Resort in anticipation of Plaintiff's trip. (*Id.*) Because Plaintiff is a Marriott Bonvoy rewards member, Plaintiff's employer included his Bonvoy rewards number in the resort booking. (*Id.*) Before journeying to Thailand, Plaintiff received a confirmation letter that included the Marriott logo (*id.*) and a tax receipt related to the booking. (Dkt. 17 at 3.)

After arriving at the resort, Plaintiff went to the resort lobby, where he slipped and fell into a water feature near the resort's restaurant. (Dkt. 17-2 at 2.) Plaintiff was hospitalized and received medical treatment in Thailand. (*Id.*) Upon returning to the United States, Plaintiff received a refund for unused time at the Rayong Resort, and travel benefits were credited to his Bonvoy account. (Dkt. 17 at 3.) Plaintiff also received a report documenting the incident from Defendant's risk management department. (Dkt. 17-2 at 2.)

In this action, Plaintiff alleges a single premises liability claim against Defendant. Although a resident of DuPage County, Plaintiff originally filed this action in the Circuit Court of Cook County. (Dkt. 17-2 at 1.) Defendant subsequently removed the case to federal court based on diversity jurisdiction. (Dkt. 1 at 1.) Defendant then moved to dismiss for lack of personal jurisdiction and for failure to state a claim under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(2) contests the federal court's authority to hear the case before it on personal jurisdiction grounds. This Court's jurisdiction,

2

while sitting in diversity, is coextensive with jurisdiction allowed by Illinois law. Illinois's long arm statute authorizes jurisdiction to the extent allowed by the Fourteenth Amendment's Due Process Clause. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). When the existence of personal jurisdiction is challenged, "the plaintiff bears the burden of establishing personal jurisdiction." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). When ruling based on written submissions, the Court must take all well-pleaded facts alleged in the complaint as true and resolve disputes in favor of the plaintiff. *Tamburo*, 601 F.3d at 700.

## III. DISCUSSION

### A. The Law of Purposeful Availment

A federal court may only exercise personal jurisdiction, general or specific, over a defendant if a court in the forum state would be entitled to do so. *See uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). A court cannot exercise jurisdiction over a defendant that does not have meaningful ties with the forum; ties that provide a defendant fair warning that they may be subject to a court's authority. *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945); Burger *King Corp v. Rudzewicz*, 471 U.S. 462, 472 (1985). Plaintiff concedes that general jurisdiction does not exist over Defendant in Illinois. (Dkt. 17 at 8.) Accordingly, the Court only examines whether specific jurisdiction over the Defendant exists.

For a court to exercise specific personal jurisdiction over a defendant, three requirements must be met: (1) a defendant must purposefully avail itself of the protections of the forum state; (2) the injury alleged must arise from or relate to the defendant's contacts with the forum state; and (3) maintaining the suit in the forum

state must not offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, quoting *Miliken v. Meyer*, 311 U.S. 457, 463 (1940); *Tamburo*, 601 F.3d at 702.

Under the first element of specific jurisdiction analysis, purposeful availment, a defendant is said to purposefully avail themselves of a forum when they engage in activities that create a "substantial connection" with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). It is the defendant's conduct toward the forum that matters: the unilateral activity of a plaintiff (or a third party) is not appropriate to consider "when determining whether a defendant has sufficient contacts with a forum state." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). Random, fortuitous, or attenuated contacts will not suffice. *Tamburo*, 601 F.3d at 702.

Only certain arms-length contact with a forum state will be sufficient to render a defendant subject to the forum's jurisdiction. Remote contacts, such as mail or electronic communications, can be sufficient to grant jurisdiction in some rare circumstances where a defendant never physically enters a forum. *See Burger King*, 471 U.S. at 476. Simply maintaining an interactive website available to plaintiffs and communicating electronically with residents of a forum state, however, is often considered "a poor proxy for adequate in-state contacts." *Advanced Tactical*, 751 F.3d at 803. As the Seventh Circuit has emphasized, a court must determine whether a defendant has "purposefully exploited the market . . . beyond maintaining an interactive website available in the forum state and sending emails to people that may happen to live there." *Id*. at 802 quoting *be2 LLC v. Ivanov*, 642 F.3d 555, 558–

4

59 (7th Cir. 2011); *see also NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 621-23 (7th Cir. 2022)

As other courts have held, the mere use of a website to book accommodations in a foreign country does not establish personal jurisdiction in the globetrotter's home state. In *Fidrych* v. *Marriott International, Inc.*, for example, a South Carolina resident was injured in a Marriott-affiliated hotel in Italy that his employer booked on his behalf through the Marriott website. 952 F.3d 124, 128–29 (4th Cir. 2020). The plaintiff was also a Marriott rewards participant. *Id*. As the Fourth Circuit explained, specific jurisdiction was lacking because Marriott's case related connections with the state, such as operating hotels in the state and maintaining a website, were "too tenuous and too insubstantial." *Id*. at 143. Marriott's website did not target South Carolina residents any more than residents of any other state. *Id*.

This Court found that it lacked jurisdiction under similar circumstances in *Mehta v. Starwood Hotels & Resorts, LLC,* No. 21-cv-01591, 2024 WL 4346611 at *1 (N.D. Ill. Sept. 30, 2024). In that case, a Marriott-affiliated hotel sent advertisements to the plaintiffs via automated emails; the plaintiffs booked the hotel online; and they were later injured at the hotel in Mexico. *Id*. But specific personal jurisdiction was lacking because the marketing emails and website created only an incidental connection between the defendants and the forum state, and one that the plaintiffs initiated by signing up for the emails and accessing the website. *Id*.

Plaintiff argues that Defendant purposefully availed itself of Illinois as a forum in two broad ways: (1) through Defendant's website and Bonvoy rewards program;

5

and (2) by branding the Rayong Resort with the Marriott logo and communicating with Plaintiff. As explained below, applying the legal standard outlined above compels the holding that neither of these categories, either taken alone or together, suffices to justify personal jurisdiction over Marriott in this District.

### B. Defendant's Website and Bonvoy Program Do Not Support the Exercise of Personal Jurisdiction Over Defendant

Defendant argues that making a website available in Illinois is passive conduct, rather than purposeful availment. Defendant further contends that Plaintiff, not Defendant, is the party responsible for creating any connection this case may have to Illinois. (Dkt. 12 at 6–7).

Plaintiff counters that Defendant purposefully reaches into Illinois through the Marriott Bonvoy program and a website that allows for reward tracking and hotel booking. (Dkt. 17 at 6.) According to Plaintiff, because Defendant does not make the Bonvoy program available to residents of several other specific jurisdictions, its act of making the website and rewards program available Illinois cannot constitute passive. (Dkt. 17 at 5.) Defendant's avoidance of those territories means that Marriott "*affirmatively* intends to allow participation by U.S. residents." (*Id*.) (emphasis added). Plaintiff's argument fails.

Marriott's website and rewards program alone are not sufficient to establish Defendant's active efforts to take advantage of the Illinois market. Similarly to the plaintiffs in *Mehta* and *Fidrych*, it was Plaintiff who joined Marriott's rewards program, and it was Ingredion Thailand that booked the hotel online; those third-party-actor steps initiated Defendant's contact with Plaintiff and Illinois. (Dkt. 17-2

6

at 1.) But specific jurisdiction doctrine considers only the acts of the defendant, not the plaintiff or a third party. *Helicopteros*, 466 U.S. at 417; *Walden*, 571 U.S. at 284. Plaintiff cannot establish jurisdiction over Marriott by creating the link between Marriott and Illinois on his own initiative. *Helicopteros*, 466 U.S. at 417; *Walden*, 571 U.S. at 284.

That the website is available in Illinois does not demonstrate Defendant's intentional targeting of Illinois. As *Fidrych* explained about the very same website, it is "not directed at residents of any particular forum." *Fidrych*, 952 F.3d at 142. That statement remains true here. Moreover, the Bonvoy program, like the marketing emails in *Mehta,* is a voluntary and primarily location-agnostic program available to anyone who wishes to participate. *See Mehta*, 2024 WL 4346611 at \*4. Plaintiff could have registered for Bonvoy and booked accommodations from Boston, Beijing, or Buenos Aires without any change in conduct from Defendant. That Plaintiff may have enrolled in Bonvoy or accessed the Marriott website from Illinois is fortuitous and insufficient to establish that Defendant purposefully targeted Illinois. *Fidrych*, 952 F.3d at 142; *Advanced Tactical*, 751 F.3d at 803.

Plaintiff's cited support bears little resemblance to the circumstances present here. (Dkt. 17 at 3, 5.) In *Russell v. SNFA*, the defendant in a case arising out of a helicopter crash that occurred in Illinois intentionally contacted business partners in Illinois to sell helicopter components and to enter into a contract under Illinois law. *Russell,* 987 N.E.2d 778, 781–83, 797 (Ill. 2013.). *Russell* explained that personal jurisdiction there was based on the stream of commerce theory of specific jurisdiction,

which considers whether a defendant can be fairly brought into court in a jurisdiction where the defendant's products ultimately come to rest. *Id*. at 789.

In contrast, Defendant allows customers in Illinois, and numerous other jurisdictions, to view and book hotels through its website and Bonvoy program. (Dkt. 17-2 at 1.) Plaintiff cannot show that Defendant's website targets Illinois any more than any other jurisdiction. Defendant did not carry on sustained business related to the injury in Illinois, and the injury occurred in Thailand, not Illinois. (Dkt. 17-2 at 1–2.) *See Fidrych*, 952 F.3d at 139. Defendant's contacts with Illinois were materially more tenuous than the defendant's in *Russell*.

Plaintiff's argument that Defendant affirmatively targets Illinois because it explicitly avoids other jurisdictions is unconvincing. Plaintiff relies on the false dichotomy that purposeful avoidance of a handful of jurisdictions equates to purposeful targeting of all others. (*Id*.) Plaintiff's equation, however, would flip the personal jurisdiction inquiry on its head, forcing defendants affirmatively to avoid every jurisdiction to which they do not wish to be bound; and it would result in the kind of universal jurisdiction against which the Seventh Circuit has explicitly cautioned. *See Advanced Tactical*, 751 F.3d at 801–02.

It also bears emphasis that the jurisdictions specifically avoided by Defendant—Iran, Cuba, Syria, North Korea, Donetsk, Luhansk, and Crimea—are subject to a wide range of sanctions imposed by the United States government. Defendant's avoidance of these jurisdictions, given their suspect legal status in the United States, merely implies Defendant's intentional (almost certainly necessary)

avoidance of certain problematic jurisdictions rather than the intentional targeting of all others (including Illinois).

The connection to Illinois established by Defendant's website and rewards program is fortuitous and tenuously based on the actions of the Plaintiff and a third party. Accordingly, Plaintiff has failed to demonstrated Defendant's purposeful availment of Illinois as a forum.

### C. Defendant's Correspondence With Plaintiff Do Not Justify Exercising Personal Jurisdiction Over Defendant

Defendant's control over the Rayong Resort, and the extent of that control (if any), is disputed by the parties. Defendant argues it merely has a marketing affiliation with an indirect subsidiary managing the resort, while Plaintiff argues that Defendant exercises some real control over the resort through a wholly-owned subsidiary. (Dkt. 12-1 at 2–3; Dkt. 17 at 3.) Although this appears to be a dispute more relevant to liability than jurisdiction, the Court takes Plaintiff's argument to mean that the additional conduct alleged (corresponding with Plaintiff, branding the hotel, refunding the Plaintiff for lost time at the resort, and handling the incident through Defendant's risk management department) is relevant to the specific jurisdiction inquiry. (Dkt. 17 at 4.) But even assuming Defendant itself controls and operates the Rayong Resort, that alleged conduct is insufficient to allow the Court to exercise personal jurisdiction.

First, the conduct alleged has no meaningful connection to Illinois. That Plaintiff received a confirmation letter and receipt at his Illinois residence is fortuitous, and Plaintiff could have received correspondence wherever he lived. (Dkt.

9

17 at 3.) This correspondence does not suggest that Defendant was specifically availing itself of Illinois, its laws, or its markets. *See Advanced Tactical*, 571 F.3d at 803 (no specific jurisdiction where a company sent emails without evidence of targeting the jurisdiction specifically). Defendant's conduct merely suggests a connection with the Plaintiff that was not intended to target any specific forum, which is insufficient to justify exercising personal jurisdiction. *See Burger King*, 471 U.S. at 475.

Second, Defendant apparently refunded Plaintiff's Bonvoy account for unused time at the hotel, provided travel credits, and logged the incident with its own risk management department. (Dk. 17 at 3.) This conduct took place after the Plaintiff's injury and was not directed toward Illinois as a state. Defendant's post-injury conduct does not show an intention to create a continuous relationship in Illinois or take advantage of Illinois, its laws, or its markets. *See id*. It instead was targeted at Plaintiff, wherever he might be, and is insufficient to show purposeful availment. *See Burger King*, 471 U.S. at 475.

Finally, defendant's branding and management of the Rayong Resort does not establish specific jurisdiction. If anything, Defendant's affiliation with the Rayong Resort demonstrates purposeful availment of one jurisdiction only: Thailand. Defendant's control over the Rayong Resort has little to do with Illinois and does not support jurisdiction over Defendant in Illinois.

As outlined above, Plaintiff fails to demonstrate that Defendant has purposefully availed itself of Illinois, its laws, or its markets in a way that would

10

create a substantial connection with the state and make specific personal jurisdiction over Defendant reasonable. *See Walden*, 571 U.S. at 284. Accordingly, Defendant's motion to dismiss under Rule 12(b)(2) is granted, and the case is dismissed without prejudice. In view of this resolution, the Court declines to address Defendant's motion brought under Rule 12(b)(6).

## IV. CONCLUSION

Defendant's motion to dismiss (Dkt. 11) is granted, and Plaintiff's complaint is dismissed without prejudice.

SO ORDERED in No. 25-cv-06323.

Date: March 31, 2026

JOHN F. KNESS
United States District Judge